# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| JOHN FLETCHER, | ) |
|   Plaintiff, | ) |
| v. | ) |
| SHADE TREE SERVICE COMPANY | ) |
|   Serve Registered Agent: | ) |
|   Baker, Kenneth S | ) |
|   520 South Highway Drive | ) |
|   Fenton, MO 63026 | ) |
| And, | ) |
| | ) Cause No.: |
| THE NORTH RIVER INSURANCE COMPANY | ) |
| And, | ) |
| UNITED STATES FIRE INSURANCE COMPANY | ) |
| And, | ) |
| FAIRFAX FINANCIAL HOLDINGS LIMITED | ) |
|   Serve all defendants via mail Per § 506.150 at: | ) |
|   Missouri Department of Insurance Truman State Office Building Room 530 P.O. Box 690 Jefferson City, MO 65102 | ) |
|   Defendants. | ) |

**COMPLAINT**

1

Introduction and Parties

1. The Line Construction Benefit Fund is a Taft-Hartley, multiemployer trust fund governed by and subject to the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1000, *et seq.*

2. The Line Construction Benefit Fund is an employee welfare benefit plan, as defined in Section 3(1)(d) of ERISA, 29. U.S.C. § 1002(2).

3. The Line Construction Benefit Fund provides health and welfare benefits, including medical and hospital benefits, to Fund participants in the tree-trimming industry and their dependents, including Fund participants and dependents who reside in the State of Missouri, in accordance with the terms and conditions contained in the Fund's Summary Plan Description and Plan Document ("LINECO Benefit Plan"). Attached as Exhibit A is a true and correct copy of the LINECO Benefit Plan and all amendments.

4. Plaintiff John Fletcher was at all relevant times a beneficiary of the Line Construction Benefit Fund employed by Defendant Shade Tree Insurance Company from January through December, 2016 that suffered on the job injuries but were prevented from filing workers' compensation claims by the bad acts of Defendants in concert.

5. Plaintiff Fletcher and Plaintiff Class Members are parties in interest as defined in ERISA § 1002(14)(A) because they are defined Plan Beneficiaries.

6. Defendant Shade Tree Service Company is, and at all times relevant to this lawsuit was a Missouri corporation. They can be served with process on their registered agent at the above address.

7. Defendant Shade Tree Service Company is a "contributing employer" as defined in § 1.22 of LINECO Benefit Plan. *See Exhibit A p. 7*.

8. Defendant The North River Insurance Company was at all times relevant to this lawsuit a foreign insurance company licensed to provide insurance in Missouri. They can be served with process via mail as authorized by Mo. Rev. Stat. § 506.150 at the address above.

9. Defendant The North River Insurance Company is a wholly owned subsidiary of Defendant United States Fire Insurance Company, Inc., a foreign insurance company that can be served with process via mail as authorized by Mo. Rev. Stat. § 506.150 at the address above.

10. Defendant The North River Insurance Company is a subsidiary of Defendant Fairfax Financial Holdings Limited, a foreign insurance company that can be served with process via mail as authorized by Mo. Rev. Stat. § 506.150 at the address above.

11. At all times relevant to this Complaint, Defendant The North River Insurance Company sold and/or administered workers' compensation insurance policies in various states, including in Missouri, providing coverage for accidental injury sustained by workers in the course and scope of their employ.

12. At all times relevant to this Complaint, Defendant The North River Insurance Company was operated pursuant to exacting policies and procedure given to them by Defendant United States Fire Insurance Company.  Defendant United States Fire Insurance Company controlled some or all of the following day-to-day details of the business operation, including but not limited to:

    a. hiring, firing, wages, benefits, promotions, and compensation;

    b. Prices charged to customers;

    c. Financial methods, record-keeping, or reporting requirements;

    d. Quantity and quality of goods on hand or form of inventory control;

    e. Required insurance and/or reinsurance;

    f. Maintenance standards and procedures;

    g. Hours and days of operation;

    h. Forms and stationary;

    i. Suppliers;

    j. Portions served; and,

    k. Utilization of intellectual property and goodwill associated with the Burger King brand, including but not limited to logos, trademarks, marketing campaigns, and knowledge/expertise.

    l. Compliance with laws that affect insurance outcomes.

13. At all times relevant to this Complaint, Defendant The North River Insurance Company and Defendant United States Fire Insurance Company were mutually operated pursuant to exacting policies and procedure given to them by Defendant Fairfax Financial Holdings Limited.  Defendant Fairfax Financial Holdings Limited controlled some or all of the following day-to-day details of the business operation, including but not limited to:

    a. Hiring, firing, wages, benefits, promotions, and compensation;

    b. Prices charged to customers;

    c. Financial methods, record-keeping, or reporting requirements;

    d. Quantity and quality of goods on hand or form of inventory control;

    e. Required insurance and/or reinsurance;

    f. Maintenance standards and procedures;

    g. Hours and days of operation;

    h. Forms and stationary;

    i. Suppliers;

    j. Portions served; and,

    k. Utilization of intellectual property and goodwill associated with the Burger King brand, including but not limited to logos, trademarks, marketing campaigns, and knowledge/expertise.

    l. Compliance with laws that affect insurance outcomes.

14. Upon information and belief, at all times relevant to this lawsuit Defendant Shade Tree Service Company was an employer required by Missouri law to have workers' compensation insurance for injuries to workers in their employ.

15. Upon information and belief, at all times relevant to this lawsuit, Defendant Shade Tree Service Company was insured by Defendant North River Insurance Company for their workers' compensation insurance.

16. Upon information and belief, Defendant Shade Tree Service Company's policy for workers' compensation insurance provided primary coverage for injuries sustained in the course and scope of Defendant Shade Tree Service Company's employ.

17. Upon information and belief, Defendant Share Tree Service Company operates their business in conformance with a Collective Bargaining Agreement ("CBA").

18. The CBA requires Defendant Shade Tree Service Company to administer their employment policies, including for on the job injuries, in a manner consistent with Missouri law.

19. On or around October 4, 2016, Plaintiff John Fletcher sustained serious injury while working for Defendant Shade Tree Service Company.

20. In compliance with Missouri law, Plaintiff Fletcher reported his on the job injury to his manager at the time.

21. In fact, Plaintiff Fletcher and his manager discussed his on the job injury at least 8 times over a period of two months. But Plaintiff Fletcher was always discouraged from filing a workers' compensation claim.

22. At all times relevant to this Complaint, Defendant Shade Tree Service Company, at the direction of Defendant North River Insurance Company, maintained a policy and practice of discouraging workers from filing workers' compensation claims.

23. Although Plaintiff Fletcher has made several demands upon Defendant North River Insurance Company and Defendant Shade Tree Service Company, Defendants North River Insurance Company and Defendant Shade Tree Service Company refuse to assume primary coverage for past and future medical expenses sustained by Plaintiff Fletcher in the course and scope of his employ with Defendant Shade Tree.

24. Plaintiff Fletcher hereby seeks a declaration that he is not primarily liable to pay the current and future medical expenses for accidental injuries sustained in the course and scope of his employ and that Defendant LINECO's benefit fund provides coverage secondary to Defendant North River Insurance Company.

Venue and Jurisdiction

25. Venue is appropriate in this Court because § 1132(e)(2) allows plan beneficiaries to bring suit in the district where the breach took place or where a defendant may be found.

26. Jurisdiction is proper under 28 U.S.C. § 1331 in that Plaintiff Fletcher brings this action under federal common law and under 28 U.S.C. § 2201 because the requested relief may determine federal tax liability under 11 U.S.C. § 505.

27. Jurisdiction is also proper under 28 U.S.C. § 1331 and 29 U.S.C. § 1132(a)(3), in that Plaintiff Fletcher seeks equitable relief to enforce the COB provisions of the LINECO Plan.

## The LINECO Plan Provisions

28. The LINECO Plan provides at Paragraph 2.14:

    This Plan is not in lieu of and does not affect any requirement for coverage under any Workers' Compensation Act or Occupational Diseases Act or similar law. Benefits that would otherwise be payable under the provisions of such laws shall not be paid by the Plan merely because a claim for benefits fails to be filed under the rules of such laws.

    *See Exhibit A, p. 28*.

29. The LINECO Benefit Plan further provides at Paragraph 2.19:

    Any participant who receives money from the Plan to which he or she is not entitled will be required to fully reimburse the Plan.

    *See Exhibit A, P. 30.*

30. The LINECO Benefit Plan provides Employees and Beneficiaries a means to file suit to enforce their rights under the Plan. *See Exhibit A, p.36.* Plaintiff Fletchers asks the Court to construe this term of the policy in light of the circumstances of the case.

## Controversy

31. Upon information and belief, Defendant Shade Tree Service Company has made express promises to comply with the Missouri Workers'

7

compensation law described in Paragraph 23 of this Complaint as part of their participation in the CBA.

32. Defendant The North River Insurance Company insured Defendant Shade Tree Service Company at all times relevant to this lawsuit. In conjunction with the parties mutual obligations under this contract, they expressly promised to each other that both would comply with Missouri Workers' Compensation law.

33. Defendant The North River Insurance Company even issued a quote to Defendant Shade Tree Service Company for workers' compensation coverage during the time at issue that relied upon both parties express promise and warranty that both would comply with Missouri workers' compensation law. The quotes rate was based upon prospective risk assessment that assumed the law would be followed. This quote was developed in part to comply to standards issued by their parent corporations Defendant Fairfax Holdings and Defendant United States Fire Insurance Company.

34. Defendant Fairfax Financial Holdings Limited even represents that their various insurance companies, including Defendant North River Insurance Company and Defendant United States Fire Insurance Company, are given complete financial control over their own internal financial reporting practices, including those used to determine insurance reserves. *See Exhibit B at P. 30*.

35. All of these insurance companies have mutually dependent financial assets whose administration requires maintaining reserves in anticipation of risks posed by claims. In order for the risk to be predicable they must rely, explicitly or implicitly, on every other party following the law. This includes re-insurance agreements and other risk containment tools.

36. Because all of the companies have independent control over their finances, the only way any can operate their respective businesses is by assuming, and indeed promising, that each will comply with the law, have always complied with the law in the past, and will always comply with the law in the future.

37. But, Defendant Shade Tree Service Company and their insurer, Defendant The North River Insurance Company, have maintained a policy and practice of discriminating against employees that file workers' compensation claims, in violation of Missouri law. This practice is inequitable in that it injures all beneficiaries who did not file claims as a consequence of the practice.

38. Defendant Shade Tree Service Company therefore violated Mo. Rev. Stat. § 287.030, which provides:

> 287.380. 1. Every employer or his insurer in this state, whether he has accepted or rejected the provisions of this chapter, shall within thirty days after knowledge of the injury, file with the division under such rules and regulations and in such form and detail as the division may require, a full and complete report of every injury or death to any employee for which the employer would be liable to furnish medical aid…

39. .   As a result, beneficiaries are prevented from exercising their rights under the LINECO Plan. If they choose to file a workers' compensation claim, they are aggressively deterred from doing so by their employer. But when they file a claim against the LINECO Benefit Plan, the LINECO Benefit Plan must deny coverage.

## COUNT I: DECLARATORY JUDGEMENT

40. Plaintiff Fletcher restates the entire Complaint again here.

41. Nort provides:

    A civil action may be brought –

    (3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan.

42. Defendant Shade Tree Service Company is a "contributing employer" as defined in § 1.22 of LINECO Benefit Plan. *See Exhibit A p. 7*.

43. Defendant Shade Tree Service Company is required to have a Participation Agreement with the Trustees of the LINECO Benefit Fund.

44. That participation agreement requires Defendant Shade Tree Service Company to follow Missouri law, including Missouri workers' compensation law.

45. Plaintiff requests the Court examine the LINECO Benefit Plan and the facts and circumstances of Defendant Shade Tree Service Companies workers compensation practices and Participation Agreement to advise all Parties as to their rights under the plan with respect to responsibility for payment under the plan.

46. Plaintiff further requests that the order prohibit the workers' compensation administrative law judge from administering any decision that compromises Plaintiff Fletchers rights under ERISA consistent with the opinion of this Court.

47. Plaintiff further requests that this Court declare that the LINECO Benefit Plan provisions be construed to limit the Benefit Fund from recovering from any beneficiaries under the Plan personally and limiting recovery under the plan to Defendant The North River Insurance Company and / or Defendant Shade Tree Service Company.

## COUNT II – ERISA § 502(a)(3) EQUITABLE RELIEF

48. Plaintiff Fletcher restates the entire Complaint again here.

49. Under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(1), Plaintiff Fletcher may bring a civil action to enjoin any act or practice which violates the terms of the LINECO Benefit Plan. Plaintiff Fletcher may obtain other equitable relief to redress such violations or enforce the terms of the LINECO Benefit Plan.

50. The terms of the LINECO Benefit Plan designate that on the job injuries be handled through the workers' compensation system. But that couldn't happen here because Defendant's policy prevented workers' from filing claims.

51. In order to enforce the terms of an ERISA-regulated welfare benefit plan, Plaintiff Fletcher seeks an order of equitable relief finding that Defendant Shade Tree must comply with the provisions of the LINECO Benefit Plan and the terms of the Participation Agreement concerning compliance with Missouri law.

## **PRAYER**

WHEREFORE Plaintiff Fletcher requests that this Court:

a. Declare as between the LINECO Benefit Fund, Defendant Shade Tree Service Company, Defendant North River Insurance Company, and Plaintiff Fletcher that Defendant North River Insurance Company is primarily liable for any medical benefits paid for due to on the job injuries sustained by Plaintiff Fletcher;

b. Enter an order of equitable relief to enjoin Defendant Shade Tree Service Company from any continued violation of Missouri law as expressed by their obligations contained within the Participation Agreement;

c. Retain jurisdiction to enforce the declaratory judgement and other equitable remedies sought herein by Plaintiff Fletcher, for such period of time as is required, until Defendant Shade Tree Insurance Company pay any obligations incurred by the LINECO Benefit Fund on behalf of Plaintiff Fletcher.

d. Grant such other relief as the Court deems just and proper;

e. Award costs and reasonable attorney's fees, and pre and post judgment interest.

Respectfully submitted,

OTT LAW FIRM

*/s/ Joe Ott*
_____
Joseph A. Ott, #67889
6115 Eveline Street
St. Louis, MO 63139
Telephone:  (314) 293-3756
Facsimile:  (314) 228-0021

*Attorneys for Plaintiff*