# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JOHN FLETCHER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:18-CV-2041-SPM |
| | ) |
| SHADE TREE SERVICE COMPANY, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This case is before the Court on Defendants' Motion to Dismiss (Doc. 6), Defendants' Motion to Strike Plaintiff's Memorandum in Opposition to Defendants' Motion to Dismiss (Doc. 10), Plaintiff's Motion to Strike Defendants' Motion to Dismiss (Doc. 11), and Plaintiff's Motion to File Sur-Reply (Doc. 14). The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1). (Doc. 17). For the reasons set forth below, Defendants' Motion to Dismiss will be granted, and the other Motions will be denied as moot.

**I. Background**

Plaintiff John Fletcher ("Plaintiff" or "Fletcher") alleges that he was injured while working for Defendant Shade Tree Service Company ("Shade Tree") in October 2016. He further alleges that he reported his injury to his manager when he was hurt, but that he was discouraged from filing a workers' compensation claim. In July 2017, Fletcher filed a workers' compensation claim ("Claim") relating to the injury he allegedly sustained while working for Shade Tree. Plaintiff's workers' compensation matter is currently pending before the Missouri Division of

Workers' Compensation.[1] Defendants The North River Company ("North River") and United States Fire Insurance Company (collectively, the "Insurance Companies") provide workers' compensation insurance coverage for Shade Tree. Plaintiff also makes reference to the Line Construction Benefit Fund ("LINECO Plan"), which is not a party to this lawsuit. The LINECO Plan is an employer welfare benefit plan for the tree trimming industry, governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1000, *et seq.*, and of which Plaintiff is a beneficiary, and Shade Tree is a contributing employer. Plaintiff alleges that the LINECO Plan requires that on the job injuries be dealt with through the workers' compensation system, and "that couldn't happen here because Defendant's policy prevented workers' [sic] from filing claims." Plaintiff further seems to be alleging that if the workers' compensation action is not resolved in his favor, then he may be liable for certain medical expenses, and that this would somehow violate the provisions of the LINECO Plan.

Plaintiff filed the instant action, asking the Court to clarify who is "primarily liable to pay the current and future medical expenses for accidental injuries sustained in the course and scope of his employ, and that Defendant LINECO's benefit fund provides coverage secondary to Defendant North River Insurance Company." (Doc. 1 at 6). In Count I, Plaintiff asks the Court to "examine the LINECO Benefit Plan and the facts and circumstances of Defendant Shade Tree Service Companies [sic] workers [sic] compensation practices and . . . to advise all Parties as to their rights under the plan with respect to responsibility for payment under the plan." *Id*. at 10. In Count II, Plaintiff "seeks an order of equitable relief finding that Defendant Shade Tree must comply with the provisions of the LINECO Plan and . . . with Missouri law." *Id*. at 11. Defendants filed a motion to dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6), contending that

---

[1] A copy of Plaintiff's Claim for Compensation, dated July 20, 2017, with Injury Number 16-107528 is attached as an exhibit to Defendant's Motion to Dismiss. (Doc. 6-1).

Plaintiff's action has not yet ripened into an actual case or controversy appropriate for judicial review. As further discussed below, the Court agrees.

## II. Discussion

Plaintiff brings his claims in the form of a declaratory judgment action.[2] Under the Declaratory Judgment Act, any federal court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). When considering a declaratory judgment action, a district court must first determine whether the action is justiciable, which frequently boils down to a question of ripeness. The ripeness doctrine is grounded in both the jurisdictional limits of Article III of the Constitution and prudential considerations of effective court administration. *Bender v. Educational Credit Mgmt. Corp.,* 368 F.3d 846, 847-48 (8th Cir. 2004). "Article III limits court to deciding actual 'Cases' and 'Controversies,' U.S. Const. art. III, § 2, thereby prohibiting them from issuing advisory opinions." *Pub. Water Supply Dist. No. 8 v. City of Kearney*, 401 F.3d 930, 933 (8th Cir. 2005). "[R]ipeness . . . determine[s] when . . . litigation may occur. Specifically, the ripeness doctrine seeks to separate matters that are premature for review because the injury is speculative and may never occur, from those cases that are appropriate for federal court action." Erwin Chemerinsky, Federal Jurisdiction § 2.4.18 (7th Ed. 2016). "Because ripeness is one aspect of the constitutional requirement of a 'Case' or 'Controvers[y],' if the case is not ripe for review, there is no case or controversy and the court lacks subject matter jurisdiction." *See Bender*, 368 F.3d at 848.

---

[2] Plaintiff also brings a claim that the Court will construe as a petition for writ of mandamus. Plaintiff asks this Court to order the Administrative Law Judge in his underlying workers' compensation case to refrain from "administering any decision that compromises Plaintiff Fletcher's rights under ERISA." However, federal district courts do not have jurisdiction to issue a writ of mandamus against a state actor or agency. *See Moye v. Clerk, DeKalb County Sup. Court*, 474 F.2d 1275, 1275-76 (5th Cir. 1973).

Whether an actual controversy exists must be determined on a case-by-case basis, and the fundamental test used to determine whether a case presents an actual controversy ripe for review within the meaning of the Declaratory Judgment Act is whether there is a "substantial controversy between parties having adverse legal interests of sufficient immediacy and reality" to warrant the issuance of a declaratory judgment. *McLeod v. General Mills, Inc.*, 856 F.3d 1160, 1166 (8th Cir. 2017). The disagreement must not be speculative or contingent, but must have taken on "fixed and final shape" so the Court can fully know what issues it is deciding and what effect its decision will have. *Id*. ("To satisfy the case-or-controversy requirement, a declaratory judgment action must be 'definite and concrete, touching the legal relations of parties having adverse legal interests,' 'real and substantial,' and 'admi[t] of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.'") (quoting *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007); *see also Taylor v. Brotherhood of Ry. & Steamship Clerks, etc.,* 106 F.Supp. 438, 442 (D.C. 1952) ("It is well established that the courts . . . will not judicially determine abstract questions or render a decree upon a hypothetical state of facts framed for the purpose of invoking the advice of the court without a real case."). "Whether the factual basis of a declaratory judgment action is hypothetical—or more aptly too hypothetical—for purposes of the ripeness doctrine (and concomitantly Article III) is a question of degree." *Pub. Water*, 401 F.3d at 932.

The question before the Court, then, is whether there is a "substantial controversy between parties . . . of sufficient immediacy and reality," i.e., not speculative or contingent, sufficient to warrant the issuance of a declaratory judgment. *McLeod*, 856 F.3d at 1166. The Court concludes that this case is not ripe. In essence, Plaintiff is attempting to assert federal jurisdiction by purportedly bringing a claim under ERISA § 502(a)(3) to enjoin an alleged violation of the

LINECO Plan, and/or to obtain "other appropriate equitable relief to redress such violations." ERISA § 502(a)(3). However, any such violation has not yet come to pass, and may never do so. The hypothetical or speculative nature of the claim is clear from Plaintiff's memorandum in opposition to this motion to dismiss, in which he states: "[T]his Court should issue a judgement [sic] stating that *if* Plaintiff's injuries *are shown to be* caused on the job in the workers' compensation proceeding, then Defendant Shade Tree . . . cannot deny primary liability for those benefits." (Doc. 9 at 3) (emphasis added). Plaintiff further states[3] that the declaration he seeks "is not a claim to recover money already paid. Rather, the relief is prospective and is requested so that [he] can continue litigating his workers' compensation case without fear that Shade Tree will refuse to pay the LINECO Plan." *Id.* at 2.

At this point in time, Plaintiff has yet to prevail in his workers' compensation action, and there is currently no controversy, and, as Defendants argue, there is a high likelihood there will never be a controversy resulting from these facts. There are any number of ways that Plaintiff's state workers' compensation action could conclude. The administrative law judge may determine that Plaintiff's injury was not an on the job injury, and find entirely against Plaintiff, rendering this suit irrelevant, as nothing would be owed to Plaintiff by either the Insurance Companies or the LINECO Plan. Conversely, Plaintiff may prevail in his state action, and payment as ordered may promptly arrive, again rendering this action unnecessary. Furthermore, even if Plaintiff were to prevail in the workers' compensation case, and the Insurance Companies were to refuse payment, it is unclear to the Court how or whether that would be a violation of the LINECO Plan. Such

---

[3] In explaining Plaintiff's theory of the case, Plaintiff's counsel also alleged, at the Rule 16 conference held in the chambers of the undersigned on February 5, 2019, that Defendants have engaged in a pattern or practice of discouraging workers from filing workers' compensation claims. However, this allegation does not go any further in showing that harm to Plaintiff has already occurred. Indeed, the Court notes that Plaintiff was not in fact prevented from filing such a claim, as evidenced by his pending state workers' compensation claim. Furthermore, if such an allegation were true, it would seem to represent a claim that belongs to the Plan, or to other unknown workers, and not to this Plaintiff.

unknown and hypothetical claims do not present an immediate or real threat of an ERISA violation such that declaratory relief is proper at this time. Any opinion we would issue would be advisory in nature, in contravention of Article III, and would also constitute a waste of resources, as any number of potential outcomes in Plaintiff's underlying state workers' compensation claim could come to pass which would render this federal action entirely unnecessary. *See Nebraska State AFL-CIO v. State of Nebraska*, 445 F.2d 1333, 1334 (8th Cir. 1971) ("The Court is being asked to render an advisory opinion . . . [and] that it cannot do.")

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (Doc. 6) is **GRANTED**.

**IT IS FURTHER ORDERED** that all other motions in this case (Docs. 10, 11, and 14) are **DENIED** as moot.

.

Dated this 16th day of April, 2019.

                                                  SHIRLEY PADMORE MENSAH
                                                  UNITED STATES MAGISTRATE JUDGE